MATTER OF TABCUM

In Section 245 Proceedings

A–19438229

*Decided by Regional Commissioner April 11, 1972*

The 1970 amendment to section 212(e) of the Immigration and Nationality Act
did not alter the applicability of the two-year foreign residence requirement to
the alien spouse of an exchange visitor where the principal alien is subject to
that requirement. Accordingly, applicant is subject to the foreign residence
requirement of section 212(e), as amended, as the "accompanying spouse" of a
principal exchange visitor alien who is subject to such requirement. Since she
has not complied with the foreign residence requirement, she is ineligible for
adjustment of status under section 245 of the Act.

ON BHALF OF APPLICANT:     Jules E. Coven, Esquire
                           One East 42nd Street
                           New York, New York 10017

This matter is before the Regional Commissioner on certification
by the District Director who dismissed the motion to reconsider
the denial of the application for adjustment of status under section
245 of the Immigration and Nationality Act, as amended.

The facts in this case, which are not in dispute, are set forth in
detail in the District Director's decision of November 8, 1971 and
need not be fully repeated. In brief, the applicant is a 32-year-old
native and citizen of Thailand who was last admitted to the
United States at Honolulu, Hawaii on July 6, 1968 as the spouse of
an exchange visitor. She accompanied her husband, Sarote Tab-
cum, a 30-year-old native and citizen of Thailand who was admit-
ted in J–1 status to participate in Exchange Program G–I–1 which
is financed by the United States Government. They were both
admitted until January 3, 1969 and received extensions of stay in
their respective nonimmigrant classifications until June 30, 1971.
The applicant is the beneficiary of an approved third preference
visa petition as a registered nurse which she filed in her own
behalf on July 17, 1970. Her application for status as a permanent
resident submitted pursuant to section 245 of the Act was denied
September 10, 1971 on the ground she is ineligible for such
adjustment because she has not complied with the two-year
foreign residence requirement of section 212(e) of the Act.

The record further discloses that a motion to reconsider the denial of adjustment was filed on October 26, 1971. It was claimed therein that, in view of the revision of the statutory language of section 212(e) by the Act of April 7, 1970, the bar to adjustment is now limited to participants in Government-financed programs; that the instant applicant, who is not a participant but merely an accompanying spouse, is no longer ineligible for adjustment under section 245 of the Act. The District Director dismissed the motion on November 8, 1971 holding that the applicant, having received an exchange visitor's visa, was a participant in her husband's program and enjoyed all of the privileges entailed therein, *i.e.*, permission to enter the United States, grants of extensions of stay, *etc*. It was concluded that she, as her spouse, is subject to the foreign residence requirement. In connection with the certification of the matter to this office, counsel has asserted the following in a memorandum, which he subsequently reiterated in oral argument on March 8, 1971:

> The facts as stated in the decision of the Immigration Service of November 8, 1970 are essentially correct. The sole question involved is one of the interpretation of the amendment to the Immigration Law on April 7, 1970. The applicant who entered the United States as an accompanying spouse of an exchange student did not, as an individual, participate in the program which was financed by the United States Government Agency, or by the Government of her country.
>
> The words of the amendment are very significant in that it did not specifically bar all persons who were admitted under Sec. 101(a)(15)(J). The purpose of the amendment of April 7, 1970 was to make it easier for persons who entered as "J's" to adjust their status in the United States. The interpretation made by the Immigration and Naturalization Service is very strict indeed.
>
> The record apparently disclosed that the applicant did not sign any statement indicating that she understood she would have to return to her home, which would indicate to the writer that she was never considered to be a participant, but merely an accompanying spouse.
>
> In the State Department regulations, there is a separate definition for an accompanying spouse. It is obvious from the wording and intention of the Statute that the applicant was not a participant in the program and, therefore, she is not subject to the foreign residence requirement of the Immigration and Naturalization Act as amended.

We do not agree with counsel's contention that the instant applicant is not subject to the foreign residence requirement of section 212(e) of the Act because she was only an accompanying spouse. To the extent that she was permitted to enter and remain in the United States and was beneficiary to the financial aspects of the principal alien's participation in a Government-sponsored program, she too derived benefits from such program. Counsel concedes that prior to the 1970 amendment of section 212(e), the accompanying spouse and children were subject to the same

114

foreign residence provision as the principal alien. This held true whether or not the J-2 alien signed a statement to the effect that she understood she would have to return home. The sole question to be resolved is whether the statutory revision resulted in a change in such requirement insofar as the accompanying spouse is concerned.

The legislative history of the Act of April 7, 1970 (Public Law 91-225) makes no reference to any intent on the part of Congress to extend the more liberalized provisions of the amended section 212(e) to the accompanying spouse and/or children of an exchange visitor who is or has been in a Government-financed program or where his country requires his talents or skills (2 U.S. Cong. & Admin. News '70, pp. 2755–2757). Current regulations state that an alien's spouse and children, if also subject to the foreign residence requirement, may be included in the waiver application of the J-1 alien, provided the spouse has not been a participant in an exchange program (8 CFR 212.7(c)). If we were to concede arguendo that counsel's interpretation is proper, there would be no need for such regulatory provision since all J-2 aliens (except those who themselves have been participants in Government-financed programs) would no longer be subject to the foreign residence requirement. Although the 1970 amendment removed restrictions from many exchange visitors, the two-year foreign residence requirement still applies to the spouse of an exchange visitor where the principal alien is subject to such provision (Gordon and Rosenfield, *Immigration Law and Procedure*, 6.8g, p. 6–51, footnote 40b).

It should be further pointed out that in cases where both a J-2 spouse and child(ren) are involved, permitting them to adjust their status to permanent residents, would bring the J-1 participant in a Government-financed program within the purview of *Matter of Nassiri*, 12 I. & N. Dec. 756. On the basis of the rationale expressed therein, the principal alien would then be eligible for a waiver of the foreign residence requirement on hardship grounds. This, in effect, would gain him back-door access to a benefit to which he otherwise would not be entitled. We do not believe under such circumstances that counsel's reasoning is in keeping with the spirit and intent of exchange visitor legislation, even as contemplated by the less stringent 1970 amendment.

In view of the foregoing, it is concluded that the instant applicant, as the spouse of an exchange visitor who has participated in a program financed by the United States Government, is subject to the two-year foreign residence requirement of section 212(e) of the Act, as amended. Accordingly, the decision of the District Director will be affirmed.

115

*It is ordered* that the denial of the application for adjustment of status under section 245 of the Immigration and Nationality Act be and same is hereby affirmed.